UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CINDY APLING, | ) |
| Plaintiff, | ) No. CV-05-0157-CI |
| v. | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| JO ANNE B. BARNHART, | ) AND DIRECTING ENTRY OF |
| Commissioner of Social Security, | ) JUDGMENT FOR DEFENDANT |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 11, 15), submitted for disposition without oral argument on January 9, 2006. Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney David M. Blume represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment.

Plaintiff, 42-years-old at the time of the administrative decision, filed an application for Supplemental Security Income benefits on October 19, 2001, alleging disability as of January 1, 1985, due to depression and loss of memory. (Tr. at 22.) The onset date was later amended by counsel to September 1, 2000. (Tr. at 22,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT  - 1

535.) Plaintiff had a high-school education, seventh grade math skills, and past relevant work as a short order cook. Following a denial of benefits at the initial stage and on reconsideration, two administrative hearings were held before Administrative Law Judge Mary B. Reed (ALJ). The ALJ denied benefits; review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff had not engaged in substantial gainful activity since 1999. (Tr. at 32.) Plaintiff suffered from severe degenerative joint disease (knees), cervical strain, obesity and an affective disorder. (Tr. at 28.) These impairments, however, were not found to meet the Listings. The ALJ rejected Plaintiff's testimony as not fully credible. (Tr. at 28.) The ALJ concluded Plaintiff retained the residual capacity to perform sedentary work with only occasional bending, climbing, and stooping, with no crouching, squatting or kneeling, and no working or reaching overhead. Mentally she would be limited to understanding, remembering and carrying out simple repetitive tasks learned through demonstration. The ALJ also found she would also have the mild limitations noted at Tr. 27, n.3. Based on the testimony of the vocational expert, the ALJ found Plaintiff would have the ability to perform other work which exists in significant numbers in the national economy, including assembler, production inspector/checker, and hand packer and packager. (Tr. at 32.) The ALJ concluded Plaintiff was not disabled.

## ISSUES

The question presented is whether there was substantial

evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends the ALJ erred when she (1) improperly assessed the testimony of the vocational expert who testified at the supplemental hearing; (2) evaluated the effects of her mental impairments based on the totality of the evidence; (3) assessed Plaintiff's credibility; and (4) assessed her residual functional capacity in light of both physical and mental impairments.  The first and second issues are addressed in combination, as are the third and fourth.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT  - 3

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

1. **Testimony of Vocational Expert**

Plaintiff contends the ALJ failed to account for all of her physical and mental impairments in the hypothetical provided to the vocational expert. Plaintiff argues, based on the opinion of the medical advisor Dr. Mabee, that the vocational expert stated Plaintiff would not be employable. (Tr. at 632-634.) Plaintiff also contends the ALJ did not factor in her obesity. Defendant responds the ALJ correctly included Dr. Mabee's limitations when she limited Plaintiff to simple, repetitive tasks learned by demonstration instead of verbal instruction. (Tr. at 628.)

Defendant also contends there is no evidence Plaintiff's obesity limited her beyond what the ALJ considered, including a limitation to sedentary work with postural limitations.

With respect to mental limitations, the ALJ limited Plaintiff to simple repetitive tasks learned by demonstration. (Tr. at 30.) This conclusion was based on Dr. Mabee's testimony at both the initial and supplemental administrative hearings. Although Dr. Mabee testified Plaintiff would have moderate limitations in concentration, persistence and pace (Tr. at 543), a limitation the vocational expert later stated would preclude employment (Tr. at 633), Dr. Mabee clarified the moderate limitation as applying only to complex or detailed tasks, rather than simple, repetitive work. (Tr. at 502, 543, 554.) If limited to simple, repetitive tasks, Plaintiff would have only a slight limitation in concentration, persistence and pace. This ability is supported by Plaintiff's work history at Keytronic (three years doing simple repetitive work (Tr. at 569)), and the mental assessment by Drs. Gardner and Brown (Tr. at 228). Based on an ability to perform simple, repetitive tasks, the vocational expert stated Plaintiff would be employable. (Tr. at 630.)

The ALJ also noted Plaintiff suffered from severe obesity (Tr. at 28) and imposed the following restrictions because of that condition:

> With respect to claimant's physical impairments considering her orthopedic impairments and obesity, she would not meet or equal Listing 1.00 et seq. The record does not show any neurological deficits and she has the ability to ambulate effectively. . . .
>
> . . .
>
> Accordingly, the undersigned finds the claimant retains

>     the residual functional capacity to perform sedentary
>     work, lifting and carrying 10 pounds occasionally;
>     standing and walking would be limited to two hours out of
>     eight hours and sitting for six hours out of 8 hours with
>     normal breaks.  She could also occasionally bend, climb
>     and stoop, with no crouch, squat or kneel; and no work or
>     reach overhead.  At 5'9" and weighing 295 pounds, the
>     claimant is obese and, to that extent, further restricted
>     in her movements as found herein.

(Tr. at 28, 30.)  Additionally, the ALJ noted, despite her obesity and mental limitations, Plaintiff was the primary care giver for her five children, performed all household chores, shopped, attended classes at a community college while participating in a work study program, and participated in her children's school activities. Additionally, she was able to work on her computer at home doing graphic design and other activities.  (Tr. at 28.)  The ALJ's findings are consistent with Dr. Peterson's opinion in July 2003 regarding the limitations imposed by Plaintiff's left knee condition that Plaintiff could perform a full range of sedentary work with a sit-stand option and the postural limitations noted in Dr. Ashworth's notes.  (Tr. at 487, 356.)

**2.   Credibility**

Plaintiff contends the ALJ erred in her assessment of credibility of Plaintiff's testimony.  She notes there is objective evidence of head trauma, knee impairment, depression, memory impairment and obesity, all of which could be expected to produce disabling pain and fatigue.

In deciding whether to admit a claimant's subjective symptom testimony, the ALJ must engage in a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, see *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986), the claimant must produce objective medical evidence of underlying

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT  - 6

"impairment," and must show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Id.* at 1281-82.  If this test is satisfied, and if there is no evidence of malingering, then the ALJ, under the second step, may reject the claimant's testimony about severity of symptoms with "specific findings stating clear and convincing reasons for doing so." *Id*. at 1284.  The ALJ may consider the following factors when weighing the claimant's credibility: "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [his/her] testimony and [his/her] conduct, [claimant's] daily activities, [his/her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).  If a reason given by the ALJ is not supported by the evidence, the ALJ's decision may be supported under a harmless error standard. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990) (applying the harmless error standard); *Booz v. Sec'y of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (same).  Here, there is no evidence of malingering; thus, the ALJ's reasons for rejecting her testimony must be clear and convincing.

The ALJ noted:

> The claimant's testimony concerning her impairments and limitations is not fully credible.  The objective medical evidence as well as the testimony of the medical expert does not support such debilitating limitations as the claimant purports ( i.e. an inability to do any work due

>to her depression and memory problems). In July 2002, an orthopedic report indicated that the claimant's bursitis (left knee) should improve slowly and steadily. See Exhibit 12F. The claimant (by self-report) is able to successfully perform a full complement of activities of daily living. In June 2003, the claimant reported to Dr. Ashworth (see Exhibit 18F) that she sits at home and plays with her computer doing "graphic design" and other activities. She has a driver's license and she takes care of her 5 children. She is able to drive, prepare meals and cleans her home, vacuuming, sweeping, mopping, washing dishes and laundry. She is able to shop for groceries, household items and personal items. While she herself does not belong to any clubs or groups, she does attend teacher-parent conferences for her children as well as their student holiday programs and sports events. She attended community college taking digital imagery courses and was on the honor roll numerous times between 1999 and 2002. This indicates an ability to attend and concentrate as well as recall what has been taught. The undersigned notes that the claimant has been prescribed Prozac for her depression; however, she sometimes forgets to take this medication. However, when on medication she reports improvement. The claimant testified to needing to sleep during the day, however, at Exhibit 4F/3 she reports that she does not have time to nap during the day. Her complaints of diarrhea in the written record were of short duration and responded to medication/treatment. Other inconsistencies in the record are also noted above in discussing the medical record.

(Tr. at 28, 29, reference to some exhibits omitted.) These findings are clear and convincing and supported by the record.

There was no objective evidence of head trauma; rather Dr. Ashworth noted only a rule-out diagnosis. (Tr. at 359.) Plaintiff's memory was noted to be intact (Tr. at 360), and Dr. Mabee opined, based on neurological data, there was no evidence of organic impairment. (Tr. at 503, 538.) The medical record further evidences Plaintiff's depression was controlled and stabilized when she remembered to take her medication. Plaintiff made inconsistent reports to her treatment providers as to the extent of her injury in the 1981 motor vehicle accident and the need for daycare following the January 2002 accident. (Tr. at 24, 309, 357, 380-465.) The ALJ

also noted Plaintiff failed to participate fully in treatment, including taking prescribed medication and attending counseling sessions. (Tr. at 189-190, 249.)

The residuals from the knee condition and Plaintiff's obesity were accommodated in the limitation to sedentary work with a sit/stand option and postural limitations. Additionally, Plaintiff's daily activities as a mother, housewife, and college student did not reflect disability.

The ALJ did not err when she rejected Plaintiff's testimony as not fully credible. Based on the medical record, the ALJ did not err when she concluded Plaintiff could perform the sedentary work described by the vocational expert. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 11)** is **DENIED**.

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 15)** is **GRANTED;** the Complaint and claims are **DISMISSED WITH PREJUDICE.**

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Defendant.

DATED January 24, 2006.

                        S/ CYNTHIA IMBROGNO
                      UNITED STATES MAGISTRATE JUDGE